UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON DARRELL BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>Defendants. | Case No. 1:21-cv-01186-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE |

Plaintiff Kenyon Darrell Brown, a state prisoner proceeding *pro se*, initiated this civil rights action on August 5, 2021. (Doc. 1.) In his first amended complaint, Plaintiff alleges prison officials at North Kern State Prison have violated the Eighth Amendment by instituting a prison-wide modified program to address the COVID-19 pandemic, even though "the coronavirus is not on [Plaintiff's] yard." (Doc. 13.) Plaintiff attaches to his complaint a response to an administrative grievance he submitted concerning his claims, which indicates that prison officials denied the grievance at the first level of review on October 26, 2021. (*Id.* at 4-5.) It appears that Plaintiff has not appealed the decision to the California Department of Corrections and Rehabilitation (CDCR) Office of Appeals, which the denial letter instructs him to do. (*Id.* at 5.) If he did appeal the decision, it is apparent that he has not yet received a response from the CDCR Office of Appeals.

Therefore, on November 19, 2021, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to exhaust. (Doc. 17.) Plaintiff filed a

response to the order on November 29, 2021. (Doc. 18.) In his response, Plaintiff contends that he "exhausted administrative remedies when . . . [he] received a letter from the warden . . . denying [his] complaint." (*Id.* at 1.) Plaintiff attaches the letter to his response. (*Id.* at 2.) The letter is indeed from the warden of North Kern State Prison, but it is a response to a letter sent by Plaintiff to the warden, *not* to any administrative grievance. In fact, the letter specifically instructs Plaintiff "to utilize the existing administrative remedy by submitting a CDCR 602," or, if he has "already filed a CDCR-602 form," "to contact the respective responder in regards to [his] grievance." (*Id.*) As described above, Plaintiff did file a grievance, but it is apparent that he has not yet received a disposition from the CDCR Office of Appeals.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Exhaustion must be completed before the filing of a complaint; it cannot be completed during the pendency of a lawsuit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances regarding non-healthcare matters are subject to two levels of review. *See* Cal. Code Regs. tit. 15, § 3481(a). In general, prisoners must receive a disposition from the CDCR Office of Appeals before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m); *but see id.* § 3483(m)(2).

Failure to exhaust is generally an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is

clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2021**                                /s/ *Sheila K. Oberto*
                                                                                       UNITED STATES MAGISTRATE JUDGE